UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Andy Martin[1]

    v.                           Civil No. 11-cv-129-PB

Jack Kimball et al.

## REPORT AND RECOMMENDATION

Plaintiff Andy Martin has filed a motion (doc. no. 1) seeking leave to file a complaint in this court. Judge Barbadoro has referred the motion here for a report and recommendation.

Martin is under a permanent injunction, issued by the United States District Court for the District of Connecticut, requiring him to seek leave to file before filing any action in any federal court in the United States. See In re Martin-Trigona, 592 F. Supp. 1566, 1569-76 (D. Conn. 1984), aff'd 763 F.2d 140 (2d Cir. 1985), cert. denied, 474 U.S. 1061 (1986). That permanent injunction (hereinafter "the 1984 Order") requires that any motion for leave filed by Martin be accompanied by certain documents. See In re Martin-Trigona, 592 F. Supp. at 1569-76. The 1984 Order states in relevant part:

> Anthony R. Martin-Trigona is hereby permanently enjoined from filing or attempting to initiate any new lawsuit, action, proceeding, or matter in any federal court, agency, tribunal, committee, or other federal

---

[1] Andy Martin is also known as Anthony R. Martin-Trigona.

>    forum of the United States, against any person or
>    entity . . . or serving any such person or entity with
>    any paper purporting to initiate any such lawsuit,
>    action, proceeding, or matter without first obtaining
>    leave of that court, agency, tribunal, committee, or
>    other forum.

Id. at 1571.  The 1984 Order authorizes any federal court to refuse any filing by Martin that fails to comply with that order's requirements.  See id. at 1572.

Specifically, any request for leave to file by Martin must include certain required documents.  The 1984 order requires Martin to file along with the complaint:

>    (a) . . . a motion captioned "Application
>    Pursuant to Court Order Seeking Leave to File;"
>
>    (b) . . . as "Exhibit 1" to that motion a copy of
>    . . . In re Martin-Trigona, 573 F. Supp. 1245 (D.
>    Conn. 1983), with all appendices;
>
>    (c) . . . as "Exhibit 2" to that motion a copy of
>    . . . In re Martin-Trigona, 737 F.2d 1254 (2d Cir.
>    1984), with all appendices;
>
>    (d) . . . as "Exhibit 3" to that motion a copy of
>    . . . In re Martin-Trigona, 592 F. Supp. 1566 (D.
>    Conn. 1984), with all appendices;
>
>    (e) . . . as "Exhibit 4" to that motion either an
>    affidavit or an unsworn declaration pursuant to 28
>    U.S.C. § 1746 certifying whether or not the claim he
>    wishes to present is a claim ever raised by him in any
>    court, agency, tribunal, committee, or other forum;
>
>    (f) . . . as "Exhibit 5" to that motion a list of
>    each and every lawsuit, action, proceeding, matter, or
>    complaint previously filed by him or on his behalf in
>    any court, agency, tribunal, committee, or other
>    forum, against each and every defendant or respondent
>    in the lawsuit, action, proceeding, or matter he
>    wishes to file or attempt to initiate;

>     (g) . . . as "Exhibit 6" and successive exhibits
> (with numbers continuing as necessary) to that motion
> a copy of each such complaint or other document
> purporting to commence any such lawsuit, action,
> proceeding, or matter and a certified record of its
> disposition.

Id. at 1571-72.

Martin's motion in this court seeking leave to file is accompanied by a complaint. Martin has captioned his motion "Motion Pursuant to Court Order Seeking Leave to File." Although this title does not exactly mirror the language directed in the 1984 Order, this court would not, on that basis alone, reject or deny Martin's request. None of the other requirements enumerated in the 1984 Order, however, have been met.

Martin addressed a letter to the Chief Judge of this Court, dated March 15, 2011, alluding to "a controversial lawsuit" over thirty years prior to his filing here, in which he "became the target of a campaign of demonization by some federal judges in Connecticut," and that he therefore "may be required to seek prior permission to file a new case in [this] court." Martin stated further that he was "not sure what weight [the court] wish[es] to give to an almost thirty year-old court order."

Martin also indicates in his motion for leave to file that he does not believe he has to comply with the terms of the 1984 Order because he has previously filed a lawsuit in this court. Martin has submitted a cut-and-pasted document that purports to

3

be an order of United States District Judge Dorsey directing that Martin would not have to refile documents previously filed in any particular court, as long as Martin, in his new action "refers to the prior filing with adequate particularity to permit identification of the Exhibits 1, 2 and 3 previously filed."  Doc. No. 1.  That document also states that no court is authorized to waive or modify the 1984 permanent injunction, and that "[w]hile compliance imposes requirements on Martin-Trigona, they are the result of his long history of abuse of the courts and legal process and the injunction has been formulated and sustained on appeal as a reasonable means to eliminate the abuse."  Id.

Martin attaches to his motion the first page of the six-page docket of his prior District of New Hampshire case, Martin v. Russert, Civ. No. 00-cv-2-PB.  That docket sheet does not indicate what efforts were made in that case to comply with the terms of the 1984 Order, or whether those efforts were accepted by this court.  Even if the court were inclined to credit the oddly presented "order" of Judge Dorsey as an actual order binding on this court, Martin has failed to satisfy the specific requirements of Judge Dorsey's order.

A search of the PACER federal court records database turns up hundreds, if not thousands, of actions filed by Martin, at his behest, or on his behalf, since the institution of the 1984

4

Order.  The court finds that Martin's apparent tendency to continue his abuse of the courts despite hundreds of warnings and directives to discontinue such behavior does not warrant any relaxing of the restrictions placed upon Martin's filing in this court by the 1984 Order.

This court finds that Martin has failed to comply with the mandatory terms of the 1984 Order.  The court therefore recommends that Martin's motion for leave to file be denied without prejudice to Martin refiling an application with this court complying with the terms of the 1984 Order.

Any such motion filed in the future must not only comply with all of the terms of the 1984 Order, but must be accompanied by the filing fee, or a motion seeking in forma pauperis status pursuant to 28 U.S.C. § 1915.  Any fee submitted will be returned to Martin if leave to file is denied.

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  April 5, 2011

cc:  Andy Martin, pro se